**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| **KAY KELLY** | ) |
| | ) **JURY DEMAND** |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CASE NO:** |
| | ) |
| **BESTWAY SERVICES INC.** | ) **Judge:** |
| | ) |
| **Defendant.** | ) **Magistrate Judge:** |

### COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1.      Plaintiff, Kay Kelly ("Kelly" or "Plaintiff"), by counsel, brings this action against Defendant, Bestway Services Inc. ("Bestway" or "Defendant"), alleging violations of the Age Discrimination in Employment Act ("ADEA") and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et. seq. ("Title VII").

### II. PARTIES

2.      Kelly is a United States citizen and resident of Tennessee, who at all times relevant to this action, resided within the geographical boundaries of the Middle District of Tennessee.

3.      Defendant is a for-profit corporation that conducts business within the geographical boundaries of the Middle District of Tennessee.

### III. JURISDICTION AND VENUE

4.      Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 29 U.S.C. § 626; and 42 U.S.C. § 2000e-5(f)(3).

5. Defendant is an "employer" as that term is defined by 29 U.S.C . § 630(b) and 42 U.S.C. § 2000e(b).

6. Kelly is an "employee" of Defendant as that term is defined by 29 U.S.C. § 630(f) and 42 U.S.C. § 2000e(f).

7. Kelly satisfied her obligation to exhaust her administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging discrimination based on her race, color, age, and retaliation for engaging in protected activity. Kelly received the required Notice of Suit Rights and timely files this action.

8. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Middle District of Tennessee; thus, venue is proper in this Court.

**IV. FACTUAL ALLEGATIONS**

9. Kelly, who is black, African American, and forty-two (42) years old, began working for Defendant in or about June or July 2021, as a Weekend Cleaning Manager.

10. At all relevant times, Kelly met or exceeded the Defendant's legitimate performance expectations.

11. In or about November or December 2021, Kelly complained to management and the owner about the Defendant's differences in treatment of Hispanics and Black employees. In particular, Kelly made Defendant aware that Hispanic employees received better treatment while Black employees were accused of not performing their jobs, when they were performing their jobs.

2

12. After she made her complaint, in or about December 2021, Defendant reduced Kelly's hours from sixty (60) hours per week to ten (10) hours per week.

13. Once Kelly was demoted, other employees asked her why they never saw her as often anymore. Kelly explained that she was demoted, which caused her to be humiliated in front of her coworkers.

14. Kelly took an extended vacation from December 2021 to March 2022, which was customary for employees with the Defendant.

15. In March 2022, Kelly was constructively discharged from her employment due to the reduced hours.

16. Kelly has suffered damages due to the Defendants' actions.

### V. CAUSES OF ACTION

### COUNT I: TITLE VII – RACE DISCRIMINATION

17. Kelly hereby incorporates by reference paragraphs one (1) through sixteen (16) as if the same were set forth at length herein.

18. Kelly was constructively discharged and had her hours reduced due to her race.

19. Defendant discriminated against Kelly on the basis of her race.

20. Defendant's actions were intentional, willful, and in reckless disregard of Kelly's rights as protected by Title VII of the Civil Rights Act of 1964.

21. Kelly has suffered and continues to suffer damages because of Defendant's actions.

### COUNT II: TITLE VII – COLOR DISCRIMINATION

22. Kelly hereby incorporates by reference paragraphs one (1) through twenty-one (21) as if the same were set forth at length herein.

3

23. Kelly was constructively discharged and had her hours reduced due to her color.

24. Defendant discriminated against Kelly on the basis of her color.

25. Defendant's actions were intentional, willful, and in reckless disregard of Kelly's rights as protected by Title VII of the Civil Rights Act of 1964.

26. Kelly has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

## COUNT III: ADEA - AGE DISCRIMINATION

27. Kelly hereby incorporates by reference paragraphs one (1) through twenty-six (26) as if the same were set forth at length herein.

28. Kelly was constructively discharged and had her hours reduced because of her age.

29. Defendant discriminated against Kelly because of her age.

30. Defendant's actions were intentional, willful and in reckless disregard of Kelly's legal rights as protected by the Age Discrimination in Employment Act.

31. Kelly has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

## COUNTE IV: TITLE VII – RETALIATION

32. Kelly hereby incorporates by reference paragraphs one (1) through thirty-one (31) as if the same were set forth at length herein.

33. Kelly was constructively discharged and had her hours reduced for engaging in protected activity.

34. Defendant's actions were intentional, willful, and in reckless disregard of Kelly's rights as protected by Title VII of the Civil Rights Act of 1964.

4

35. Kelly has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

## VI. <u>REQUESTED RELIEF</u>

WHEREFORE, Plaintiff, Kay Kelly, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1. Reinstate Plaintiff to the position, salary, and seniority level she would have enjoyed but for Defendant's unlawful employment actions, or award front pay in lieu thereof.

2. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4. Liquidated damages;

5. Compensatory damages;

6. Punitive damages;

7. Costs and attorney's fees incurred as a result of bringing this action;

8. Pre- and post-judgement interest on all sums recoverable; and

9. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

 s/Kyle F. Biesecker
Kyle F. Biesecker, Attorney No. 28872
BIESECKER DUTKANYCH & MACER, LLC
3200 West End Avenue, Suite 500
Nashville, Tennessee 37203
Telephone: (615) 783-2171
Facsimile: (812) 424-1005
E-Mail: kfb@bdlegal.com

*Attorneys for Plaintiff*

5

## DEMAND FOR JURY TRIAL

Plaintiff, Kay Kelly, by counsel, requests a trial by jury on all issues deemed so triable.


Respectfully submitted,

 *s/Kyle F. Biesecker*
Kyle F. Biesecker, Attorney No. 28872
BIESECKER DUTKANYCH & MACER, LLC
3200 West End Avenue, Suite 500
Nashville, Tennessee 37203
Telephone:　　(615) 783-2171
Facsimile:　　(812) 424-1005
E-Mail:　　　kfb@bdlegal.com

*Attorneys for Plaintiff*

6